IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARLO D. PERSONS | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-138 |
| OFFICER NWANI, ET AL. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Marlo D. Persons, a prisoner previously confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Officer Nwani, Captain Olowomeye, Assistant Warden B. Johnson, and Executive Director Brian Collier.[1]

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges he was assaulted by Defendant Nwani on October 30, 2020. Plaintiff contends Defendant Olowomeye deprived him of due process by refusing to review evidence concerning the incident. Finally, Plaintiff contends Defendants Johnson and Collier failed to protect him from the alleged assault.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis

---

[1] In his original complaint, Plaintiff also identified Counsel Substitute Driskell and Assistant Warden A. Ennrriques as Defendants, but they were not identified as Defendants in Plaintiff's amended complaint.

in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Personal Involvement*

To successfully plead a cause of action in a civil rights case, Plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff does not allege facts demonstrating that either Defendant Collier, the Executive Director of TDCJ, or Defendant Johnson, Assistant Warden of the Wainwright

Unit, were personally involved in the incident that forms the basis of this complaint. It appears that Plaintiff is suing them because of their supervisory positions over Defendant Nwani, a correctional officer at the Wainwright Unit.

Under § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only for implementing a policy that repudiates constitutional rights and the policy is the moving force of the constitutional violation. *Id*. Accepting Plaintiff's allegations as true, there is no basis to hold Defendant Collier or Defendant Johnson liable in a supervisory capacity because Plaintiff does not allege that either Defendant implemented a constitutionally-deficient policy that resulted in Plaintiff's injuries. Therefore, the claims against Defendants Collier and Johnson are frivolous and fail to state a claim upon which relief may be granted.

*Denial of Due Process*

Plaintiff contends he was denied due process during a disciplinary proceeding because Defendant Olowomeye did not review the evidence. Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). As a general rule, only sanctions that result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, will impose upon a liberty interest. *See Teague v. Quarterman*, 482 F.3d 769, (5th Cir. 2007) (holding that the post-September 1, 1996 mandatory supervision statute creates a constitutional expectancy of release); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding that the mandatory supervision statute in effect prior to September 1, 1996, created a constitutional expectancy of early release for earned good time credits); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997) (stating that there is no constitutional expectancy of release on parole in Texas, but an inmate may have a constitutional expectancy of release on mandatory supervision); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995)

("Although *Sandin* cites with approval cases in which it was held that state law could create a constitutional liberty interest in good-time credits, or release on parole, it is difficult to see that any other deprivations in the prison context . . . will henceforth qualify for constitutional 'liberty' status.") (citations omitted).

Plaintiff does not allege that he is eligible for mandatory supervision or that he forfeited any good time credits as a result of the disciplinary proceeding. *See Bagby v. Karriker*, 539 F. App'x 468, 469 (5th Cir. 2013) (holding that Plaintiff's claim of a false disciplinary charge was frivolous and failed to state a claim because the punishments imposed did not implicate a liberty interest). Thus, Plaintiff's claim that he was denied due process is frivolous and fails to state a claim upon which relief may be granted.

## Recommendation

The claims against Defendants Olowomeye, Johnson, and Collier should be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

    SIGNED this 24th day of April, 2023.

                                               Zack Hawthorn
                                               United States Magistrate Judge