IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARLO D. PERSONS | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-138 |
| CHIBUIKE NWANI | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Marlo D. Persons, a prisoner previously confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Chibuike Nwani.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant filed a Motion for Partial Summary Judgment, and Plaintiff has filed a response. This Report and Recommendation considers the merits of the motion.

### Factual Background

Plaintiff alleges he was assaulted by Defendant Nwani on October 30, 2020. Plaintiff alleges he was walking to breakfast when Defendant ran from behind Plaintiff, jumped in front of him, and hit Plaintiff in the abdomen and the eye. Plaintiff claims Defendant kicked him with a karate kick, which caused Plaintiff to fall. Then, Defendant allegedly hit Plaintiff and wrestled with him until a ranking officer arrived and handcuffed Plaintiff to bring him to the medical department.

### Motion for Summary Judgment

Defendant contends he is entitled to Eleventh Amendment immunity to the extent that he is sued in his official capacity for monetary damages. Next, Defendant contends that Title 42 U.S.C. § 1997e(e) bars Plaintiff from receiving compensatory damages for mental or emotional injury because he has not demonstrated that he suffered more than a *de minimis* injury. Finally, Defendant asserts that falsification of a document does not constitute a constitutional violation because it did not impact a liberty interest.

Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech. Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech.*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Eleventh Amendment Immunity*

It is well-settled that the Eleventh Amendment bars a suit in a federal court against a state unless the sovereign has unequivocally expressed a waiver of its immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 613 (5th Cir. 2003). State officials sued in their official capacity are not liable for damages under 42 U.S.C. § 1983 because they assume the identity of the government that employs them. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Therefore, to the extent that the defendant is sued in his official capacity, he is immune from liability with respect to Plaintiff's constitutional claims for damages.

*Compensatory Damages*

Title 42 U.S.C. § 1997e(e) bars a prisoner from recovering money damages for emotional injuries unless the prisoner also suffered a physical injury. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (holding that Section 1997e(e) applies to all civil actions in which a prisoner alleges a constitutional violation). The statute provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." In interpreting the statute, the Fifth Circuit has said that the physical injury must be more than *de minimis*, but need not be serious. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997) (holding that the Eighth Amendment standard applies when determining whether a prisoner has sustained a physical injury which would support a claim for mental or emotional suffering).

As Defendant notes, the medical records show that Plaintiff had a laceration over one eye and swelling over the other. He also complained that he had nose bleeds and felt like his nose was broken. Although an x-ray showed that Plaintiff's nose was not broken, the medical provider noted that the bridge of his nose was swollen. These alleged injuries are more than *de minimis* and, if proven at trial, would support an award of compensatory damages.

*Denial of Due Process*

Plaintiff contends he was denied due process because Defendant Nwani fabricated a disciplinary charge against him after the use of force. Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). As a general rule, only sanctions that result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, will impose upon a liberty interest. *See Teague v. Quarterman*, 482 F.3d 769, (5th Cir. 2007) (holding that the post-September 1, 1996 mandatory supervision statute creates a constitutional expectancy of release); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding that the mandatory supervision statute in effect prior to September 1, 1996, created a constitutional expectancy of early release for earned good time credits); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997) (stating that there is no constitutional expectancy of release on parole in Texas, but an inmate may have a constitutional expectancy of release on mandatory supervision); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995) ("Although *Sandin* cites with approval cases in which it was held that state law could create a constitutional liberty interest in good-time credits, or release on parole, it is difficult to see that any other deprivations in the prison context . . . will henceforth qualify for constitutional 'liberty' status.") (citations omitted).

Plaintiff does not allege that he is eligible for mandatory supervision or that he forfeited any good time credits as a result of the disciplinary proceeding. *See Bagby v. Karriker*, 539 F. App'x 468, 469 (5th Cir. 2013) (holding that Plaintiff's claim of a false disciplinary charge was frivolous and failed to state a claim because the punishments imposed did not implicate a liberty interest). In addition, the disciplinary conviction was expunged. Because the disciplinary charge did not implicate a liberty interest, Plaintiff's claim that he was denied due process should be dismissed.

*Landor v. Lamartiniere*, 515 F. App'x 257, 259 (5th Cir. 2013) (holding that a fabricated disciplinary case does not violate due process if the punishments imposed do not implicate a liberty interest).

## Recommendation

Defendant's Motion for Partial Summary Judgment should be denied with respect to compensatory damages, and granted with respect to the claims against Defendant in his official capacity and the claim of a fabricated disciplinary charge.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 12th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge